IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

BARRY CAGLE,

Plaintiff,

v.

TARLTON CORPORATION,

**Serve:**
**Tracy Hart**
**Registered Agent**
**5500 West Park Avenue**
**St. Louis, MO 63110**

Defendant.

Cause No.: 16-1704

**JURY TRIAL REQUESTED**

**COMPLAINT**

COMES NOW Plaintiff Barry Cagle, by and through his undersigned counsel, and for his complaint against Defendant Tarlton Corporation, states as follows:

**Facts Common to all Counts**

1. Plaintiff is a resident of Madison County, State of Illinois.

2. Defendant is a corporation incorporated in the State of Missouri and doing business at 5500 West Park Avenue, St. Louis, Missouri 63110, within the City of St. Louis, Missouri.

3. At all times relevant to this action, Defendant was and is an employer within the meaning of § 287.010 *et seq.* of the Revised Statutes of Missouri ("RSMo"), or "the Workers' Compensation Law."

4. At all times relevant to this action, Defendant was authorized to do business in the State of Missouri and operated a construction company at 5500 West Park Avenue, in the City of St. Louis, Missouri.

5. At all times relevant to this action, Defendant's actions against Plaintiff were conducted by and through agents and employees acting within the scope and course of their employment with Defendant.

6. At all times relevant to this action, Roy Ross, foreman, was employed by Defendant in a supervisory capacity over Plaintiff.

7. At all times relevant to this action, Plaintiff was employed by Defendant as a carpenter.

8. Plaintiff began his employment with Defendant prior to July 2015.

9. On or about July 7, 2015, Plaintiff was working at a construction project at BJC Hospital in the stair and elevator tower.

10. While working in the scope of his employment with Defendant on the aforementioned project, Plaintiff injured his foot and tailbone when he fell while climbing down a ladder.

11. As a result of these injuries, Plaintiff sought medical treatment and, pursuant to RSMo § 287.120, filed a worker's compensation claim.

12. While Plaintiff was treating for the injuries he sustained from the ladder accident, his physician put him on restricted work duty.

13. On or about September 16, 2015, Plaintiff was released back to full duty by his physician.

14. On or about September 16, 2015, Plaintiff was told by his employer, Defendant, that they were done with him and that they had hired someone to take his place.

15. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), in that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that Defendant has its principal place of business within this judicial district and the events giving rise to this action occurred within this judicial district.

17. Plaintiff requests a trial by jury.

**COUNT I –WRONGFUL TERMINATION**

COMES NOW Plaintiff and for Count I of his cause of action against Defendant, states as follows:

18. Plaintiff hereby adopts and incorporates by reference the allegations in paragraphs 1 through 17 of the Facts Common to All Counts.

19. Defendant took adverse employment action against Plaintiff as stated in the above facts, based on the fact that he exercised his right to workers' compensation benefits under the Workers' Compensation Law.

20. Defendant's adverse employment actions in discharging Plaintiff for exercising his worker's compensation rights violated Plaintiff's right to be free from retaliation in the form of discrimination or termination under the Worker's Compensation Law, and was in violation of RSMo § 287.780.

21. Defendant knew or should have known of the propensities of its agents, supervisors and employees to take such unlawful action.

22. Specifically, Defendant knew or should have known that its employees were terminating Plaintiff for reasons which were wrongful, in that such actions were based on the fact

that Plaintiff had filed a worker's compensation claim and that such actions were taken with conscious disregard of Plaintiff's rights.

23. As a direct and proximate result of the actions and acts plead herein, Plaintiff suffered emotional distress, anguish, humiliation and embarrassment.

24. As a direct and proximate result of the actions and acts pled herein, Plaintiff has incurred attorney's fees and expenses in pursuing redress for the wrong he suffered at the hands of Defendant.

25. As a direct and proximate result of the actions pled herein, Plaintiff has suffered substantial damages, and has financial losses including lost income, lost potential future promotions, and retirement benefits which he would have received had the wrongful termination not occurred.

26. Plaintiff has sustained damages in excess of $75,000 as a direct and proximate result of Defendant's wrongful actions.

WHEREFORE, Plaintiff prays this Court to enter judgment in favor of Plaintiff and against Defendant directing Defendant to take such affirmative actions as are necessary to ensure that the foregoing unlawful practices are eliminated; awarding Plaintiff compensatory damages that will adequately and fairly compensate him for all damages and financial losses caused to him by Defendant; awarding Plaintiff compensatory damages for his emotional distress; awarding Plaintiff the costs of this action as well as his reasonable attorney's fees and prejudgment interest as allowable under the law; and granting additional relief as this Court may deem just and proper.

RYNEARSON SUESS SCHNURBUSCH
CHAMPION, LLC.

BY: /s/ Debbie S. Champion
Debbie S. Champion, 38637
Stephen J. Barber, 41341
500 North Broadway, Suite 1550
St. Louis, MO 63102
314-421-4430 / FAX: 314-421-4431
Email: dchampion@rssclaw.com
sbarber@rssclaw.com
*Attorneys for Plaintiff*