UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARRY CAGLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16CV01704 ERW |
| ) | |
| TARLTON CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Barry Cagle's Motion for Leave to Amend Complaint by Interlineation Out of Time [ECF No. 15].

Plaintiff Barry Cagle ("Plaintiff") moves for leave to amend the prayer of his complaint to include a request for punitive damages. According to Plaintiff, the facts supporting this request are in the body of his complaint, but the prayer for relief, mistakenly, did not include a request for punitive damages. The case management order in this matter set a deadline of January 17, 2017, for motions to amend pleadings, and Plaintiff did not file his motion to amend until April 6, 2017.

Defendant Tarlton Corporation ("Defendant") objects to the motion asserting Plaintiff has not established good cause to amend the case management order to extend the deadline for amendment of pleadings, and Plaintiff had numerous opportunities to amend the complaint prior to the January 17, 2017, deadline. Additionally, Defendant asserts it will be prejudiced.

Federal Rule of Civil Procedure 15(a) governs amendment of pleadings. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Under Rule 15(a), when leave to

1

amend is not sought "as a matter of course,"- i.e., before being served with a responsive pleading or within 20 days after serving the pleading if no responsive pleading is allowed and trial has not yet been set, *see* Fed. R. Civ. P. 15(a)(1) - leave to amend pleadings should still be "freely given when justice so requires." *See* Fed. R. Civ. P. 15(a)(2).

Where a party seeks leave to amend a complaint after the deadline in the applicable case management order has passed, the FRCP Rule 16(b) good-cause standard applies first, then the "when justice so requires" standard of Rule 15(a). *Sherman*, 532 F.3d at 716. Rule 16(b) governs the issuance and modification of pretrial scheduling orders while Rule 15(a) governs amendment of pleadings. Fed. R. Civ. P. 16(b) and 15(a). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716 (*quoting Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). If a party has been diligent in meeting the scheduling order's deadlines, the Court should then decide if the amendment is proper under Rule 15(a) including if there is prejudice to the other parties. *Id*., at 716-17.

The Court will grant Plaintiff's motion to amend the complaint. The facts alleged in the complaint are not changing, only the prayer for relief. Plaintiff has established good cause and diligence by filing this motion to amend the complaint shortly after discovery of the mistake. Although, Defendant asserts it is prejudiced by the amendment, it does not explain how it is prejudiced. The discovery deadline is not until August 4, 2017, giving Defendant ample time to conduct discovery into punitive damages if necessary. Additionally, a party can be awarded punitive damages, even when it is not specifically pled in the complaint. *Bowles v. Osmose Util. Servs. Inc.*, 443 F.3d 671, 675 (8th Cir. 2006) (Punitive damages were affirmed when the plaintiff notified the defendant three weeks before trial of his intention to seek punitive damages.). Therefore, Defendant is not prejudiced by Plaintiff's amendment to the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Barry Cagle's Motion for Leave to Amend Complaint by Interlineation Out of Time [ECF No. 15] is **GRANTED**.

So Ordered this 4th day of May, 2017.

_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**